IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| ROCHE DIAGNOSTICS CORP., | : |
| Plaintiff, | : |
| v. | : C.A. No. 17-189-LPS |
| MESO SCALE DIAGNOSTICS, LLC., | : |
| Defendant. | : |
| | |
| MESO SCALE DIAGNOSTICS, LLC, | : |
| Counterclaim Plaintiff | : |
| v. | : |
| ROCHE DIAGNOSTICS CORP. and BIOVERIS CORPORATION | : |
| Counterclaim Defendants | : |

## MEMORANDUM ORDER

At Wilmington this **31st** day of **October 2019**:

Having reviewed the proposed final pretrial order ("PTO") (D.I. 238) submitted by Plaintiff/Counterclaim Defendant Roche Diagnostic Corp. and Counterclaim Defendant BioVeris Corp. (collectively "Roche" or "Defendants"), and Defendant/Counterclaim Plaintiff Meso Scale Diagnostics, LLC ("Meso" or "Plaintiff"), IT IS HEREBY ORDERED that:

1. Meso's motion in limine ("MIL") No. 1, to exclude allegations of misconduct by Jacob Wohlstadter, is DENIED, except to the extent that Defendants may not suggest or argue that Wohlstadter committed criminal conduct (e.g., criminal extortion), which Defendants represent they will not do. What minimal unfair prejudice that may result from testimony that,

during negotiations of the 2003 License Agreement between Roche and IGEN, IGEN Board member Robert Salsmans (and perhaps others) were troubled by Wohlstadter's conduct is outweighed by the probative value of such evidence, as the "[c]omplaints make less probable that Meso altruistically withheld enforcement against a deeply tied partner and make more probable that Meso lacks the ECL rights it now claims" in the instant litigation (PTO Ex. 8 at 2). Defendants will be permitted to present evidence and argument that, in their view, Meso engaged in an "opportunistic holding up of the broader corporate transaction based upon a non-assignment provision." (*Id.* at 3) The Court perceives no significant risk that the jury will be confused or that a mini-trial on the allegations that were litigated in another action will be required.

2.    The Court will hear argument at the pretrial conference ("PTC") tomorrow on Meso's MIL #2, which seeks to prohibit Roche witnesses from testifying about the meaning of the 1995 License.

3.    Meso's MIL #3, to exclude evidence about the result of the Chancery Litigation and the Related Arbitration, is DENIED. While the Court would prefer if the parties would work out a stipulation as to what the jury will hear about prior litigation and other proceedings, the Court agrees with Roche that Meso's proposed stipulation is not neutral, but rather invites (whether intentionally or not) "the jury [to] make adverse inferences about Roche's conduct." (PTO Ex. 8 at 7) Any appropriate stipulation would have to include (perhaps among other things) the "reality" that "the prior case was **brought by Meso** and resolved **in favor of Roche**." (*Id.*) Such a stipulation would also have to reflect that Vice Chancellor Parsons recognized that Meso might have patent rights it could enforce against Roche. All of these facts are probative of issues in dispute at the forthcoming trial and do not entail a risk of unfair prejudice and/or any

other concerns of Federal Rule of Evidence 403 that substantially outweigh (alone or in combination) such probative value. The parties are DIRECTED to meet and confer and advise the Court at the PTC whether there is any realistic prospect of working out such a stipulation. In the absence of a stipulation, the Court will admit the entirety of Vice Chancellor Parsons' opinion. The Court will also instruct the jury that the Chancery decision does not control the jury's resolution of any issue in this case; the parties shall include a proposed instruction to this effect in their forthcoming final jury instructions. (*See* PTO Ex. 8 at 7 n.4)

4. Roche's MIL #1, to exclude certain evidence related to the 2014 Chancery litigation between Meso and Roche, is DENIED, except to the extent that the Court will not permit the introduction of evidence relating to a 2019 complaint to reopen the earlier case and vacate the judgment. The unproven and unresolved allegations of a purported undisclosed conflict of interest have no probative value and their introduction would create an unfair risk of confusing, misleading, and possibly even inflaming the jury. At present Vice Chancellor Parsons' decision remains a final and binding legal judgment. As noted above in connection with Meso's MIL #3, the Court will admit the entirety of Vice Chancellor Parsons' opinion[1] unless the parties agree to a stipulation for the Court to read to the jury with respect to the 2014 litigation.

5. Roche's MIL #2, to exclude certain evidence relating to the 1997 *IGEN v. Roche* litigation relating to the 1992 License, is GRANTED to the extent that the jury will learn only the following about this prior litigation: what Roche wishes to introduce ("IGEN alleged Roche

---

[1] The dicta Roche seeks to exclude – that Meso "conceivably may have" an infringement claim – is indisputably true (it may have such a claim), provides helpful context for the finder of fact, and poses no significant risk of unfair prejudice, especially as the Court will instruct the jury that Chancery's opinion is not binding on the jury.

3

breached the 1992 License, the entry of judgment granting IGEN the right to terminate, and the affirmance on appeal") (PTO Ex. 12 at 2) and what Meso wishes to introduce ("Roche breached the 1992 license by selling outside of Roche's 1992 field") (PTO Ex. 11 at 6). These facts are relevant for the reasons the parties articulate in their briefing and their probative value is not substantially outweighed by any of the concerns of Rule 403 (alone or in combination).

6. The Court will hear argument at the PTC on Roche's MIL #3, to exclude testimony from Dr. James Wilbur, to the extent it remains ripe after the Court's recent *Daubert* opinion (*see* D.I. 236).

7. With respect to other issues in the PTO:

   a. As the parties have agreed, Meso will be treated as the Plaintiff at trial and Roche and BioVeris will be treated as the Defendants.

   b. Objections to witnesses, exhibits, and demonstrative exhibits (*see* PTO at ¶¶ 24, 35, 46, 47) must be raised at the start of the trial day (i.e., 8:30 a.m.) that the parties anticipate the issue arising or such objections will be deemed untimely and waived.

   c. The issue about unidentified expert witnesses (*see* PTO ¶¶ 29, 31) will be discussed at the PTC tomorrow.

   d. The issue about deposition errata sheets (*see* PTO ¶ 38) will be discussed at the PTC tomorrow.

   e. Meso's request that evidence may be offered "through a statement of an attorney briefly explaining the relevance of the exhibit" (PTO ¶¶ 45, 49) is REJECTED.

   f. Judge Stark will preside over jury selection and will discuss with the parties at the PTC the procedure that will be followed for doing so.

      g.      The parties shall be prepared to discuss what they envision (and when they request to do it) with respect to Meso's breach of contract claim against BioVeris. (*See* PTO ¶¶ 63, 69-72)

      h.      The parties shall be prepared to discuss their competing requests as to the length of the trial (21 vs. 27 hours per side). (*See* PTO ¶ 65)

      i.      The parties shall be prepared to address Meso's motion for reconsideration (D.I. 244) at the PTC.

                                    /s/ Leonard P. Stark
                                    HONORABLE LEONARD P. STARK
                                    UNITED STATES DISTRICT JUDGE