IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| ROCHE DIAGNOSTICS CORPORATION, | ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) ) | C.A. No. 17-189 (LPS) (CJB) |
| MESO SCALE DIAGNOSTICS, LLC., | ) ) | |
| Defendant. | ) ) | |
| MESO SCALE DIAGNOSTICS, LLC., | ) ) | |
| Counterclaim Plaintiff, | ) ) | |
| v. | ) ) | |
| ROCHE DIAGNOSTICS CORPORATION and BIOVERIS CORPORATION, | ) ) ) | |
| Counterclaim Defendants. | ) ) | |

**ROCHE DIAGNOSTICS CORPORATION AND BIOVERIS CORPORATION'S
POST-TRIAL MOTIONS**

Pursuant to Rules 15(a), 41(b), 50(b), 52, and 59 of the Federal Rules of Civil Procedure, Local Rule 7.1.2, paragraph 25 of the Scheduling Order (D.I. 25), and the parties' post-trial Joint Status Report (D.I. 281), Plaintiff/Counterclaim Defendant Roche Diagnostics Corporation ("Roche") and Counterclaim Defendant BioVeris Corporation ("BioVeris") hereby move the Court for an order as follows:

1. Pursuant to Rules 50(b) and/or 59, the Court should vacate the jury's damages award, remit the damages award, or order a new trial, because the award was not supported by

sufficient evidence and was not appropriately apportioned to reflect only the value of the patents in suit;

2. Pursuant to Rules 50(b) and/or 59, the Court should grant judgment as a matter of law to Roche or, alternatively, order a new trial, because there is insufficient evidence to support the jury's finding that Meso Scale Diagnostics, LLC. ("Meso") obtained a license to the entirety of claim 1 of the '779 patent, claims 38 and 44 of the '729 patent, or claim 33 of the '939 patent under section 2.1 of the 1995 IGEN/MSD License;

3. Pursuant to Rules 50(b) and/or 59, the Court should grant judgment as a matter of law to Roche or, alternatively, order a new trial, because there is insufficient evidence to support a finding that the technology described in claim 33 of the '939 patent was developed during the course of the Research Program;

4. Pursuant to Rules 50(b) and/or 59, the Court should grant judgment as a matter of law to Roche or, alternatively, order a new trial, because there is insufficient evidence to support a finding that the definition of "Research Technologies" in section 1.11 of the Joint Venture Agreement was intended to include tripropylamine (TPA) or the technology described in claims 38 and 44 of the '729 patent;

5. Pursuant to Rules 50(b) and/or 59, the Court should grant judgment as a matter of law to Roche or, alternatively, order a new trial, because there is insufficient evidence to support the jury's finding that Roche actively induced dual-use customers to infringe claim 1 of the '779 patent and claims 38 and 44 of the '729 patent;

6. Pursuant to Rules 50(b) and/or 59, the Court should grant judgment as a matter of law to Roche or, alternatively, order a new trial, because there is insufficient evidence that Roche's sales to dual-use customers were not permitted by the 2003 License;

7. Pursuant to Rules 50(b) and/or 59, the Court should grant judgment as a matter of law to Roche or, alternatively, order a new trial, because there is insufficient evidence to support the jury's finding that Roche willfully infringed Meso's exclusive license rights;

8. Pursuant to Rule 15(a)(2), the Court should enter a judgment of non-infringement in favor of Roche as to U.S. Patent Nos. 5,466,416 (Count 1), 5,714,089 (Count 2), 5,846,485 (Count 3), 5,962,218 (Count 5), 6,078,782 (Count 6), 6,271,041, (Count 8), and 6,316,607 (Count 9) (*see* D.I. 42), because Meso informed Roche and the Court less than three weeks before trial that it would not prosecute those claims at trial;

9. Pursuant to Rule 52, the Court should enter a judgment of non-infringement in favor of Roche as to U.S. Patent Nos. 6,881,536, 6,881,589 and 6,451,225, because the patents were listed in Roche's Complaint seeking a declaratory judgment of non-infringement (D.I. 1, Ex. A) and Meso did not bring a counterclaim of infringement or present any evidence of infringement (*see* D.I. 42);

10. Pursuant to Rule 52, the Court should enter a judgment of non-infringement in favor of Roche as to claim 1 of the '779 patent and claims 38 and 44 of the '729 patent for sales to dual-use customers, because Meso's claims with respect to these method patents are barred by the doctrine of exhaustion;

11. Pursuant to Rule 52, the Court should enter a judgment of non-infringement in favor of Roche as to claim 1 of the '779 patent, claims 38 and 44 of the '729 patent, and claim 33 of the '939 patent, because Meso's claims are barred by the doctrine of equitable estoppel; and

12. Pursuant to Meso's November 16, 2019 letter to the Court (D.I. 263), the Court should enter an order directing that Meso is precluded from pursuing its "disposable electrode" theory of infringement with respect to the 1995 IGEN/MSD License in any future action against

Roche, its affiliates or any of their licensees and/or customers based on the sale or use of current Roche products, or of future Roche products in which the ECL reaction occurs in a flow cell.

      The grounds for these motions are set forth in the accompanying Memorandum of Law and Appendix.  For each of the grounds based on insufficient evidence, the jury findings are also against the clear weight of the evidence.  Depending on the Court's rulings as to liability, a new trial as to damages may be required.

|  |  |
|---|---|
|  | */s/ Christopher Foulds* |
|  | Joel Friedlander (Del. Bar No. 3163) |
|  | Christopher Foulds (Del. Bar No. 5169) |
| OF COUNSEL: | FRIEDLANDER & GORRIS P.A. |
|  | 1201 N. Market Street, Suite 2200 |
| James T. McKeown (admitted PHV) | Wilmington, DE  19801 |
| Jeffrey N. Costakos (admitted PHV) | (302) 573-3500 |
| Eric L. Maassen (admitted PHV) | jfriedlander@friedlandergorris.com |
| Kimberly K. Dodd (admitted PHV) | cfoulds@friedlandergorris.com |
| Rachel M. Blise (admitted PHV) |  |
| Philip C. Babler (admitted PHV) | *Attorneys for Roche Diagnostics* |
| FOLEY & LARDNER LLP | *Corporation and BioVeris Corporation* |
| 777 East Wisconsin Avenue |  |
| Milwaukee, WI  53202 |  |
| (414) 271-2400 |  |

Dated: January 17, 2020